IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:06cv331-VPM |
| ) | |
| LARRY B. GOLSON and ) | |
| DEBRA G. GOLSON, ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT FOR ERRONEOUS REFUND

The United States of America complains and alleges against the defendants, Larry B. Golson and Debra G. Golson, as follows:

1. This is a civil action in which the United States seeks to recover, with interest, an erroneous refund of the 2003 federal income, social security and Medicare taxes in the total amount of $69,760.85 that was issued to the defendants, Larry B. Golson and Debra G. Golson, as a result of the misrepresentations and fraudulent statements that defendants made on their 2003 Form 1040 tax return.

### Jurisdiction and Venue

2. This civil action has been authorized by the Chief Counsel of the Internal Revenue Service, a delegate of the Secretary of the Treasury, and commenced at the direction of a delegate of the Attorney General of the United States.

3. Jurisdiction is conferred on this Court by 28 U.S.C. §§ 1340 and 1345 and IRC (26 U.S.C.) §§ 7401 and 7405.

4. Defendants Larry B. Golson and Debra G. Golson reside in Montgomery, Alabama, within the jurisdiction of this Court.

5. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391 and 1396.

6. On or about July 16, 2004, defendants signed and filed an IRS Form 1040 federal income tax return for the year 2003. An IRS Form 4852 Substitute for Form W-2, Wage and Tax Statement, or Form 1099-R, Distributions from Pensions, Annuities, Retirement or Profit Sharing Plans, IRAs, Insurance Contracts, Etc., which Larry B. Golson signed under penalty of perjury, was attached to the Golsons' 2003 Form 1040 tax return.

7. Implementing the false and fraudulent tax scheme promoted by Peter Eric Hendrickson, the Golsons' self-prepared tax return falsely stated that they had no (1) wages, tips or salaries; (2) adjusted gross income; or (3) taxable income during 2003.

8. The Hendrickson scheme is based on the false and frivolous argument that the terms "wages" and "income" for purposes of the federal income tax and for federal tax withholding are limited to government employees. Hendrickson's theories about the supposed narrow application of federal income-tax laws (including his arguments that wages are not income, and that only federal workers are required to pay income taxes) have been uniformly and repeatedly rejected by the federal courts. As one court recently said, the claim that wages are not income "has been rejected as many times as it has been asserted." *Abdo v. United States*, 234 F. Supp.2d 553, 563 (M.D. N.C. 2002), *affirmed*, 63 Fed. Appx. 163 (4th Cir. 2003). Other courts long ago rejected Hendrickson's claim that wages and income for federal income tax and withholding purposes mean only wages and income of government employees. *See e.g.*, *United States v. Latham*, 754 F.2d 747, 750 (7th Cir. 1985) (the argument "that under 26 U.S.C. § 3401(c) the

category of 'employee' does not include privately employed wage earners is a preposterous reading of the statute. It is obvious that within the context of both statutes the word "includes" is a term of enlargement not of limitation, and the reference to certain entities or categories is not intended to exclude all others."); *McKinley v. United States*, 1992 WL 330407 (S.D. Ohio, Sept. 3, 1992) ("The plaintiffs assert that only federal officers, federal employees, elected officials or corporate officers are 'employees' who are considered to be taxpayers under the Internal Revenue Code. The plaintiffs argue, in essence, that the explicit inclusion of federal officers and employees within the definition of 'employee' for the purposes of the I.R.C. operates to exclude all others from the definition. Plaintiffs' exhibit D-1 in their motion to affirm status determinations calls the Court's attention to their position on this issue by citing to T.R. 31.3401(C)-1, which explicitly includes the federal government within the definition of employer. However, the plaintiffs' interpretation of the law comes from a misunderstanding of the law, and has been rejected by the federal courts. *E.g.*, *United States v. Latham*, 754 F.2d 747, 750 (7th Cir.1985); *Peth v. Breitzmann* [85-1 USTC ¶ 9321], 611 F. Supp. 50, 53 (D.C.Wis.1985). In fact, the term 'employee' as used in the I.R.C. does include private wage earners. *E.g., Latham* [85- 1 USTC ¶ 9180], 754 F.2d at 750.").

9. Contrary to defendants' representations on their false Form 4852, Larry Golson in fact did receive a IRS Form W-2 Wage and Tax Statement for 2003 from his employer, Cisco Systems, Inc., that correctly reported his 2003 wages of $241,840 and reported that $60,787 in federal income taxes (along with $5,394 in social security taxes and $3,579 in Medicare taxes) was withheld from his wages in 2003. But defendant Larry Golson did not attach the W-2 form to his tax return or otherwise submit it to the IRS. Instead, Larry Golson attached an IRS Form

4852 ("Substitute for Form W-2, Wage and Tax Statement, etc.,") to defendants' 2003 tax return, signed the Form 4852 under penalty of perjury, and falsely and fraudulently stated on the Form 4852 that Cisco Systems had paid defendant Larry Golson no (a) wages; (b) social security wages; or (c) Medicare wages during 2003.

10. Pre-printed language on block 9 of the Form 4852 that Larry Golson signed and filed with defendants' 2003 Form 1040 tax return asks "Explain your efforts to obtain Form W-2, 1099-R, or W-2c, Statement of Corrected Income and Tax Amounts." In response to this request on the form, defendant Larry Golson falsely and fraudulently stated:

> Requested, but the company refuses to issue forms correctly listing payments of "wages as defined in 3401(a) and 3121(a)" for fear of IRS retaliation. The amounts listed as withheld on W-2 submitted are correct, however.

The quoted language is taken directly from Peter Eric Hendrickson's tax-fraud promotional materials. The quoted language is false because the W-2 that Cisco Systems issued in fact correctly reported Larry Golson's wages of $241,840. On information and belief the quoted language is also false in stating that (a) Larry Golson had requested Cisco Systems to issue a W-2 or corrected W-2, (b) that Cisco Systems had refused to do so, and (c) that Cisco System's refusal was "for fear of IRS retaliation."

11. On or about September 24, 2004, based on defendants' false and fraudulent representations described above, the Treasury Department issued a refund of federal income, social security and Medicare taxes in the total amount of $69,760.85 to the defendants, Larry and Debra Golson. This is the amount of the withheld federal taxes listed on the Form 1040 that defendants used to file their 2003 tax return.

12. Defendants Larry and Debra Golson obtained the refund of $69,760.85 by fraud and by misrepresentation of material facts, as described above.

13. Because Larry and Debra Golson misrepresented, on their 2003 Form 1040 tax return, that they received no wages, salaries or other income during 2003, and claimed credit for the federal income, social security and Medicare taxes that were withheld from Larry Golson's wages or salaries for 2003, the IRS should not have issued the refund, and therefore the issuance of the $69,760.85 refund was an error.

14. As a result of the erroneous refund, the United States is entitled to judgment against the defendants, Larry B. Golson and Debra G. Golson, in the amount of $69,760.85, plus interest from September 24, 2004, to the date of payment as provided by law.

WHEREFORE, the United States prays as follows:

A. That this Court determine that the United States erroneously issued a 2003 income-tax refund to Larry B. Golson and Debra G. Golson in the amount of $69,760.85;

B. That judgment be entered on behalf of the United States and against Larry B. Golson and Debra G. Golson in the amount of $69,760.85, plus interest thereon as allowed by IRC § 6602 from September 24, 2004;

C. That the United States of America be awarded its reasonable attorneys' fees and costs incurred in this action; and

D. That the Court grant the United States such other and further relief as the Court may deem to be just and proper.

Dated this 10th day of April 2006.

LEURA GARRETT CANARY
United States Attorney

*/s/ James T. Lyons*

JAMES T. LYONS
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 14198
Ben Franklin Station
Washington, D.C. 20044
Tel. (202) 514-5880
Fax (202) 514-9868
New York Bar # 3933868

OF COUNSEL:

Stephen M. Doyle
Chief, Civil Division
Assistant U.S. Attorney
P.O. Box 197
Montgomery, AL 36101-0197
E-mail: stephen.doyle@usdoj.gov