UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

**UNITED STATES OF AMERICA,**

    Plaintiff,

v.                                         CIVIL ACTION NO. 2:06CV331-MHT

**LARRY B. GOLSON and DEBRA G. GOLSON,**

    Defendants.
_____/

## UNITED STATES' PROPOSAL REGARDING SCHEDULING

1. Pursuant to Federal Rule of Civil Procedure 26(f) and the Court's Order filed June 22, 2006, James Lyons, on behalf of the Plaintiff, attempted to call both Defendants, Larry Golson and Debra Golson, to set up the parties' planning meeting. James Lyons left voicemails with both Larry Golson and Debra Golson asking each of them to return his calls. However, the only response received by James Lyons was a voicemail from Larry Golson on Monday, July 3, the day this report was due to be filed with the Court. James Lyons returned this call and left another voicemail for Larry Golson, which has not been returned at the time this report was filed. Larry Golson wrote a letter dated June 28, 2006 to Ms. Debra Hackett, purportedly on behalf of his wife and himself, stating that ". . . consent of the parties is required for a magistrate to have authority to take action. We have clearly communicated, and do so again, that we do not consent making her order void for lack of jurisdiction and consent." Therefore, James Lyons, on behalf of the Plaintiff, hereby files this proposal regarding scheduling, instead of the report of the parties' planning meeting.

2. **Pre-Discovery Disclosures.** The requirement of the exchange of information required by Rule 26(a)(1) of the Federal Rules of Civil Procedure should be waived. Discovery should be commenced immediately.

3. **Discovery Plan.** The Plaintiff proposes the following:

    a. Plaintiff and Defendant should be able to conduct discovery about the following subjects:

    whether or not Defendants were entitled to the tax refund at issue that they received, and relevant related issues.

    b. All discovery will be commenced in time to be completed by March 1, 2007.

1

1780382.1

    c. Maximum of 25 interrogatories on the merits by each party to any other party. Responses due 30 days after service.

    d. Maximum of 10 requests for production on the merits by each party. Responses due 30 days after service.

    e. Maximum of 3 depositions for Plaintiff and 3 depositions for each of the Defendants. Depositions shall be limited to seven (7) hours unless extended by agreement of the parties. The parties reserve the right to move the Court for additional depositions if necessary.

4. The Plaintiff requests a conference with the Court before entry of the scheduling order.

5. The a pre-trial conference should be held not earlier than May 1, 2007.

6. Plaintiff should be allowed until September 1, 2006 to join additional parties and amend the pleadings.

7. Defendants should be allowed until September 15, 2006 to join additional parties and amend the pleadings.

8. Dispositive motions should be filed no later than January 26, 2007.

9. Plaintiff believes that settlement is unlikely.

10. The Plaintiff's witness and exhibit lists will be submitted by February 28, 2007. Defendant's witness and exhibit list will be submitted 14 days thereafter. Plaintiff and Defendant have 14 days after service to object to the lists submitted by the opposing party.

11. The case should be ready for trial by June 4, 2007 and at this time is expected to take approximately one day.

                                    **/s/ James T. Lyons**
                                    Attorney for Plaintiff

1780382.1

CERTIFICATE OF SERVICE

**IT IS HEREBY CERTIFIED** that on this 3rd day of July 2006, service of the foregoing has been made, by depositing copies thereof in the United States mail, by first class postage prepaid, to the following:

Larry B. Golson
7736 Deer Trail Road
Montgomery, AL  36117

Debra G. Golson
7736 Deer Trail Road
Montgomery, AL  36117

/s/ James T. Lyons
Trial Attorney, Tax Division

1780382.1